```
             IN THE
   UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF ILLINOIS
       SPRINGFIELD DIVISION
```

RICHARD M. SMEGO, )
MICHAEL W. LEWIS, )
ROBERT E. TURNER, )
and all other Diabetic persons )
that are similarly situated at )
this facility, )
 )
        Plaintiffs, )  Case No: 11-3088
 )
-VS- )
 )  JURY TRIAL DEMANDED
ALFREDA KIBBY, )
EUGENE MCADORY, )
LARRY J. PHILLIPS, )
and any and all other persons )
discovered through the course )
of discovery to have participated )
in the events and actions )
complained of, )
 )
        Defendants. )

FILED
APR 01 2011
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## CLASS ACTION CIVIL RIGHTS COMPLAINT

This Complaint asserts a Civil Rights Action Pursuant to Title 42 of the United States Code, Section 1983 for violations of Certain Civil Rights as guaranteed under the United States Constitution and the Illinois Constitution as well as numerous and various Federal and State Codes and Statutes.

## I.   FEDERAL JURISDICTION

Jurisdiction is based on 28 USC § 1331, a civil action arising under the United States Constitution, other Federal Laws and Pendent Jurisdictions of Civil Actions arising under the Illinois Constitution and other State Statutes. All claims are based in violation of Federally Secured Rights, Federal Questions, and in violation of the same or similar Rights guaranteed additionally by the State of Illinois.

## II.   THE PARTIES

A.   The Plaintiffs:

1.   Richard M. Smego
     Illinois Department of Human Services
     Treatment & Detention Facility
     1680 East County Farm Road
     Rushville Illinois 62681

2.   Michael W. Lewis
     Illinois Department of Human Services
     Treatment & Detention Facility
     1680 East County farm Road
     Rushville, Illinois  62681

3.   Robert E. Turner
     Illinois Department of Human Services
     Treatment & Detention Facility
     1680 East County farm Road
     Rushville, Illinois  62681

B.   The Defendants:

1.     Alfreda Kibby, Alfreda Kibby is the Current Facility Program Director, Defendant Kibby is sued in both her Official and individual capacities. At all times pertinent hereto, Defendant Kibby was acting under the color of Law.

2.     Eugene McAdory, Defendant McAdory is the Security Director at the Rushville Treatment & Detention Facility. Defendant McAdory is sued in both his Official and Individual Capacities. At all times Pertinent hereto, Defendant McAdory was acting under Collor of LaW.

3.     Larry J. Phillips, Defendant Phillips until recently was the Program Facility Director for the Rushville TDF. Defendant Phillips is sued in both his official and individual Capacities. At all times pertinent hereto, Defendant Phillips was acting under color of Law.

2

### III.    LITIGATION HISTORY

The Plaintiffs brought one (one) otehr case that deals with some of the same facts and issues presented in this case.

In Smego et al., V. Illinois Department of Human Services, this case was filed as a Class action Complaint and the Plaintiffs in this Suit all had attached Affidavits declaring that The Moring Meal was served at the exact same time the Diabetic Medline was ran.

In this case which is still awaiting service of the Defendants The Court dismissed, without prejudice, Plaintiff Smego's claim about the Morning diabetic med-line running at the same time as meal service as it was not properly joined in that case (3:10-cv-03334-HAB-CHE) The Plaintiffs in this case attached 97 affidavits of which were included the Affidavits of Michael W. Lewis and Robert E Turner in a Rule 23 Motion for Class certification in that Case, Among those attached Affidavits, forty plus affiants were in fact diabetic.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDY

A.  There is a grievance Procedure available at this facility.

B.  These Rushville Plaintiffs are not Prisoners and are not required to exhaust Administrative Remedies under the PLRas before seeking remedy and relief within the Courts.

C.  The Grievance Examiner, Sandra Simpson and Alfreda Kibby, the Facility Program Director have publicaly declared that the Grievacne procedure is something that we, as Rushville Plaintiffs have no clear legal right to and that therefore they are under no obligation to hear, decide, or rule on our grievances.

D.  The Plaintiffs in this suit, as well as those who are similarly Situated have in fact filed grievances. We are forced to conclude that these grievances are either denied or ignored as over one and a half years has passed and these grievances are not being returned or answered, waiting any longer would exhaust the statute of time limitations as to when these grievances would apply in this suit regardless.

c.  For all the reasons stated above, YES, this process is Completed.

## STATEMENT OF FACTS AND CLAIMS

1) The Plaintiffs in this Complaint are all Residents of the Rushville Treatment & Detention Facility located at 1680 East County Farm Road, Rushville Illinois 62681. We are all either Detained or Civilly Committed Pursuant to Illinois Sexually Violent Persons Act ("SVP") and are confined and detained at the Illinois Department of Human Services ("IDHS") Treatment and Detention Facility ("TDF")

2) All Plaintiffs named in this Complaint are Diabetic and all share the same issues and suffer from the same events and actions complained of.

3) All residents at this facility are fed their meals in the Day Rooms after these Meals are transported there by non escorted and non supervised resident serving as "Tray Porters" bringing the meals that were prepared in the dietary Department under the direct supervision of both Aramark Employees and IDHS Security Therapist Aides ("STA").

4) Once the tray porter leaves the Dietary Department with his cart loaded down with Resident meals he is not again under any close supervision of staff, STA's and this fact is easily supported by the constant video recording of the Day rooms in which these meals are served.

5) The Schedule held by diabetics in this facility as set forth by this Administration and maintained by this Administration or Named Defendants in this suit forces Diabetic Residents to be held to a much more demanding and restrictive schedule than any other residents here or are criminal counter parts within the Illinois Department of Corrections.

6)   The daily routine for a diabetic begins at 5:00 a.m. when you are woke up to take a blood sugar reading or "accue check". You are then required to return to your room and wait until the Morning insulin line is run at the Health Care Unit at or about 7:30 a.m. which you must attend and inject insulin based on a reading that was taken two and a half (2.5) hours ago, or even longer in some cases.

7)   This Morning insulin line that distributes insulin based on a reading that is 2.5 hours old is run at the exact same time the Morning meal is being served by the non staff escorted tray porters. The Morning meal is often served while the Diabetics are at the Health Care Unit for the Morning insulin line. When we return we often find we have no tray, (Meal) or that portions of the meal we should have been entitled to such as milk, juice, or fruit has been already eaten or given to a resident that was on the living unit and not required to be some other place during meal services such as every Diabetic that needs insulin at this facility.

8)   Residents Smego, Lewis and Turner have all been ordered by STA's based on current and fully enforced TDF Policy to stop eating and go to the Moring insulin line thus foring us to skip or not have complete meal as did all other non diabetic Residents in the IDHS-TDF.

9)   The Conditions of having Tray Porters not escorted by staff and running Insulin line at the same time as The Morning Meal following a 5:00a.m. accue check is completely avoidable by this Administration. The Security Director has STA's performing Room Shake downs at 7:00 a.m. and these shake downs could be put off untill all the residents are fed and that these Meals were over seen by STA's. If rooms got shook down at 8:00 am instead of 7:00 am should really not matter.

10) In addition to this the 4:00 p.m. Diabetic Medication line is run completely different than the Morning procedure and demonstrates that the Morning Diabetic procedure is not the only avenue for the administration to use in this case.

11) The 4:00 P.M. Diabetic line is called and all the Diabetics report to the Health care unit. All the diabetic Residents that are insulin dependent check their blood sugars using the accue check system and are given their required amounts of insulin to inject. This entire process for all of the diabetics takes about half an hour to complete and all the Diabetics are back on their units by 4:30pm. At about 5:00 p.m. the evening meals begin to be delivered by the tray porters ]that are still not escorted by staff but everyone is there to receive there meal.

12) The 4:00 pm system demonstrates that the way Morning Diabetic residents are treated is not proper or even required. It is the same resident that show up at 4:00 pm take a reading and get the proper amount of insulin right after a reading and are returned in time for receiving and eating their meal at the same time everyone else does. Forcing these Plaintiff to get up 2.5 hours before Our insulin is given to us forces us to take medication, Insulin on a old reading that is no longer accurate, and this is easily understood when compared to the 4:00 p.m. procedure as apposed to the 5:00 a.m. procedure, and combined with the fact Morning insulin line is run at the exact same time Our food is delivered by non staff escorted tray porters constantly denies us equal treatment and protection at the same facility enjoyed by all non diabetic residents whom are allowed to eat at the proper time, who are actually allowed to get their meal

6

the entire meal every day, and are allowed to sleep and not be woken up every day to take a medical reading that is not going to be used in real time.

13) All scientific data and medical associations will agree that a two and a half hour insulin reading is all but completely useless and not reliable.

14) Requiring Diabetic Residents to perform two task at the same time is not proper, denies us equal protection and in many cases denies us the ability to get our meal or Our whole meal, the same meal that the other Residents here were allowed to have and eat.

15) The Illinois Department of Human Services Treatment and Detention facility by and through the named Defendants in this complaint holds Residents with a disability to a higher standard and subjects us to more restrictive polices depriving us of sleep and meals. As Americans, let alone Americans with disabilities we have the rights to decent treatment, food, safe and sanitary environment even while incarcerated or in this case civilly detained for treatment.

16) Upon belief and information we assert that more than 10 percent of this population is diabetic and we are entitled to reasonable care and treatment which would include being fed our meals and the ability to be able to sleep.

17) The 4:00 P.M. insulin procedure at this facility demonstrates there is no need or reason to wake Us up at 5:00 am for a reading that will be outdated by the time it is used at a medication line we are force to either choose attending that particular meication line or eating or first meal of the day.

18) There would be no burden, financial or otherwise if this facility changed it's morning procedure to match the 4:00 p.m. one.

19) There would be no burden on this facility financial or otherwise to allow the Diabetic residents to sleep during the Eight hour period designated as the quiet hours that all other residents who are not diabetic get to sleep through.

20) There would be no burden financial or otherwise if this facility Did Not run Moring Diabetic Medication Line at the exact same time that the Morning meal was delivered during which this facility and its Administration takes no protective measures at all to ensure that each and every diabetic Resident does in deed get a meal, a full meal and is allowed to eat their morning meal as are all other non diabetic residents.

21) The Plaintiffs in this suit are entitled to relief and Court intervention as the right to a safe and secure environment as well as food and sanitary safe food is well established and protected by the Constitution of the United States, In this case we, the Plaintiff's are being denied food and equal treatment based on the disability of being a diabetic within the IDHS.

22) The Defendants in this Complaint presently consist of Alfreda Kibby who is the Facility Program Director and Eugene McAdory the Facilities Security Director as the Plaintiffs in this Complaint have been consistently told that the way Diabetic Meals are served at the same time Diabetic Med-line is run was policy and facility rule directives implemented by the Programs Directors, KIBBY and Phillips, along with the Security DIrector. Our inquiries at the Health Care Unit among the Facility medical Staff, including the facility Medical Doctor, Dr. Hughes Lochard, have all indicated that these conditions complained of, including the using of glucose readings

that are almost three (3) hours old when we actually get to take our a.m. Insulin are all decisions that were made at the Administrative level and not by Dietary personal or the Medical department staff.

23)   Another recent decision attributed to the named Administrative Defendants in this Complaint is the change in Policy informing the Plaintiffs named in this suit that we can not attend Health Care Fitness group due to our not being in Sex Offener Specific Core Group treatment.  We are still Diabetic, the same medical conditions that prompted The Doctor to order us into the HCU fitness Group such as diabetic with weight control issues still exist, the Doctor had not changed any Medical advice, order, or diagnoses, the Administration simply changed Policy and we are no longer allowed to go and participate in H.C.U. Fitness group.

24)   As with the Decision to restrict our ability to go to H.C.U. Fitness group as it is reported to us by the Health Care Unit, The Defendants in this case also decided to run Med-line at the same time Our Meals are served in the Morning.  Likewise, it was also decided to wake Insulin Dependant Diabetics up at 5:00 am for a reading that would not be used for almost 3 (three) hours based on Adminisrative review and not Medical advice or need.

25) The case at bar will not be about a group of Plaintiffs in a dispute concerning their care and treatment between themselves and their Doctor(s), but rather that the Administration of this Facility, the herein named Defendants have over reached their Professional Deference and have actually implemented Policy and rules that either dictate how medical care is to be given, or how, actually becoming a  improper medical decision in and of itself.

## RELIEF REQUESTED

WHEREFORE, for all of the reasons and violations Complained of above, the Plaintiffs, RICHARD M. SMEGO, MICHAEL W. LEWIS, and ROBERT TURNER, as well as any and all others that are similarly situated respectfully Prays that this Honorable Court will issue and enter an Order:

1) Finding and enunciating a Declaratory Judgment that the Events and Actions Complained of herein violate the Plaintiffs basic Human Rights to safety, sanitation and food to eat, as well as to a safe and secure place to sleep and receive adequate medical treatment.

2) Awarding the Plaintiffs a Preliminary Injunction stopping the Practice of requiring the Plaintiffs to attend both Medication lines and meals at the same time, as well as any further violations of the Plaintiffs Rights concerning the events and actions Complained of.

3) Awarding Plaintiffs Compensatory Damages as appropriate and related to the events and actions Complained of in excess of $1.00

4) Awarding Plaintiffs Punitive Damages as Appropriate and related to the events and actions Complained of with said damages to be proven up at time of trial or hearing.

5) And awarding Plaintiffs injunctions and any other such relief that the COurt finds proper and just to prevent any further violations as this Court shall Deem Fit, Just and Equitable.

Date: 3/28/11                                     Respectfully Submitted:

Mr. Richard M. Smego  
IL Dept of Human Services  
Treatment & Detention Facility  
1680 East County Farm Road  
Rushville, Illinois 62681

BY: _____  
Richard M. Smego, Plaintiff

BY: _____  
Michael W. Lewis, Plaintiff

Mr. Michael W. Lewis  
IL Dept of Human Services  
Treatment & Detention Facility  
1680 East County Farm Road  
Rushville, Illinois 62681

BY: _____  
Robert Turner, Plaintiff

Mr. Robert Turner  
IL Dept of Human Services  
Treatment & Detention Facility  
1680 East County Farm Road  
Rushville, Illinois  62681