UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS and ROBERT TURNER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 11-CV-3088 |
| ALFREDA KIBBY, et al., | ) ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs, insulin-dependent diabetics detained in the Rushville Treatment and Detention Center, pursue claims challenging the timing of the administration of their insulin and alleged inadequate exercise opportunities. In particular, Plaintiffs contend that their blood sugars were checked more than two hours before the administration of their morning insulin, allegedly too long of a delay to determine the appropriate amount of insulin to administer. They also contend that they were required to have their insulin administered in the health care unit at the same time breakfast was served on their housing unit, which at times resulted in them not receiving breakfast or not receiving their full breakfast. This practice has purportedly changed, but the parties do not explain how.

Discovery has closed, with the exception of the information sought in the pending motions to compel filed by Plaintiffs (d/e's 54, 55, 56, 57, 58). Defendants have filed a summary judgment motion, to which Plaintiff Lewis' response is due October 10, 2012. The other remaining Plaintiff, Robert Turner, has not filed a response to the summary judgment motion nor asked for an extension. Plaintiff Smego has voluntarily dismissed his claims pursuant to a stipulation of dismissal filed on July 9, 2012.

The Court has reviewed Defendants' responses and objections to Plaintiffs' discovery requests and generally finds those responses sufficient for the reasons detailed below. However, Defendants will be directed to supplement their responses to clarify their personal involvement in the challenged practices. They will also be directed to provide their curriculum vitae.

Plaintiffs seek all contracts, mandates, and policies to which Defendants are required to adhere. The Court agrees with Defendants that this information is irrelevant to Plaintiff's claims. The relevant questions here are whether Defendants were personally involved in implementing the challenged practice, and, if so, whether the practice amounted to deliberate indifference to Plaintiffs' serious medical needs. Whether contract or other mandates have been violated is not relevant to answering these questions nor reasonably calculated to lead to relevant

information.

Plaintiffs also seek Defendants' curriculum vitae. Defendants object on the grounds of relevance. However, Defendants rely on the professional judgment rule in their motion for summary judgment. Their professional qualifications and training could be relevant. Therefore, this information will be compelled.

Plaintiffs ask generally how each Defendant is involved in the creation and implementation of policies and daily schedules. Defendants' answers are responsive to this broad question: many different persons could be involved depending on the issue. However, Defendants' responses to Plaintiffs' question about who was involved in the particular procedures challenged here are incomplete. Defendants identify some persons who might have been involved, but each Defendant does not detail his or her own knowledge and involvement in the challenged policies. Defendant McAdory seems to indicate that the idea was his, based on security and logistical concerns, but that is not entirely clear. Accordingly, Plaintiff's motion to compel will be granted with respect to identifying each Defendants' personal involvement in implementing the particular practices challenged in this case.

Plaintiffs' questions about the grievance examiner or about Defendants' personal relationships with the grievance examiner are irrelevant. Plaintiffs have

no constitutional right to a grievance procedure, so the alleged bias of the grievance examiner is immaterial. *See* Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Additionally, whether Defendants have referred to the facility as a prison is irrelevant to Plaintiffs' claims, as are Plaintiffs' questions about who makes the meal menus.

Plaintiffs ask Defendant Phillips whether he or any of his relatives or friends has diabetes. This might be relevant to show personal knowledge of the need to take blood sugar checks close in time to the administration of insulin and to eat shortly thereafter. However, Phillips has already answered that he has no medical training regarding diabetes, which effectively answers the question.

Plaintiffs ask Defendant McAdory to identify the "specific security threat" which prompted the change in procedures. McAdory's answer is responsive: he contends that no specific threat required the change, but that the location of insulin administration was changed to prevent the presence of needles on residents' living units. He also contends that logistics played a part in the decision to take the blood sugar checks at 5:00 a.m..

Plaintiffs seek the identity of the "Department Heads" at Rushville. Defendants object on grounds of relevance, but the information could be relevant

to determining who was personally responsible for implementing the challenged practices. Defendants have already identified most of these persons in other discovery responses. Accordingly, Defendants will be directed to supplement their responses.

IT IS THEREFORE ORDERED:

1) The clerk is directed to show Plaintiff Smego as terminated on the docket. Plaintiff Smego has voluntarily dismissed his claims pursuant to a stipulation of dismissal. *See* d/e 68, 7/11/12 text order.

2) Plaintiff's motion to direct Defendant Ashby to file an Answer is denied as moot (d/e 46). Defendant Ashby has filed his Answer.

3) Plaintiffs' motions to compel are granted in part and denied in part (d/e's 54, 55, 56, 57, 58). By October 19, 2012, Defendants are directed to provide to the remaining Defendants: 1) supplemental responses detailing each Defendant's personal knowledge of, involvement in, or approval of the decision to administer blood sugar checks several hours before the administration of insulin in the morning and to administer insulin on the health care unit at the same time breakfast was served; 2) Defendants' curriculum vitae; and, 3) the names of the current "department heads" of the facility, such as the director, security director, medical director, clinical director, health care administrator, etc., and the names of those

department heads during the times relevant to this action, if different, along with the dates said persons served in those positions.

4) By October 31, 2012, Defendants are directed to file affidavits from persons with personal knowledge setting forth: 1) the procedures for morning blood sugar testing and insulin administration before the challenged changes; 2) how and when the procedure was changed, and who participated in making or approving those changes; 3) the reasons for those changes; 4) whether any medical professionals were consulted regarded the changes, and, if so, the details of that consultation; and 5) the current procedures for morning blood sugar testing and insulin administration.

5) Plaintiff's deadline for responding to the pending motion for summary judgment is extended to November 30, 2012.

ENTERED: October 3, 2012

FOR THE COURT:

                                    s/Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE