UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS and ROBERT TURNER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 11-CV-3088 |
| ALFREDA KIBBY, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Three Plaintiffs, insulin-dependent diabetics detained in the Rushville Treatment and Detention Center, filed this case to challenge the timing of their insulin administration and their alleged inadequate exercise opportunities. In particular, Plaintiffs alleged that their blood sugars were checked more than two hours before the administration of their morning insulin, allegedly too long of a delay to determine the appropriate amount of insulin to administer. They also contend that they were required to have their insulin administered in the health care unit at the same time breakfast was served on their housing unit, which at times resulted in them not receiving breakfast or not receiving their full breakfast.

Defendants filed a motion for summary judgment on June 29, 2012. Shortly

thereafter, Plaintiff Smego voluntarily dismissed his claims pursuant to a stipulation of dismissal.  Plaintiff Robert Turner has not filed a response to the summary judgment motion nor asked for an extension.  That leaves Plaintiff Lewis, who was given an extension to December 21, 2012, to respond to the summary judgment motion.  However, Plaintiff Lewis has still not filed a response.

Defendants' undisputed facts (d/e 66, pp. 2-4) and the affidavit filed by Dr. Bednarz (d/e 77-1), the facility's Medical Director, show that the procedures for administrating morning insulin are not and have not been deliberately indifferent to Plaintiffs' serious medical needs.  The prior procedures involved a 5:00 a.m. blood sugar check, which was inconvenient for Plaintiffs because insulin was not administered until 6:40 a.m., about twenty minutes before breakfast.  However, Plaintiffs have no evidence that this timing was medically inappropriate or that they suffered any ill effects.

Now the blood sugar checks occur between 6:00 and 6:40 a.m., with the insulin administered immediately.  The procedures have also been updated to provide the residents a snack after the administration of the morning insulin.  Plaintiffs do not appear to challenge the current procedure.

In short, Plaintiffs offer no evidence that the prior insulin administration procedures put their health in any peril.  In any event, Dr. Bednarz' affidavit makes

clear that the named Defendants played no part in setting the procedures.

As for Plaintiffs' claim about an alleged lack of exercise, Plaintiffs do not dispute that they can exercise daily during yard and gym. (Daily Activity Schedule, d/e 66-1, p. 49.)

IT IS THEREFORE ORDERED:

1) Defendants' motion for summary judgment is granted (d/e 65). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiffs. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

2) If a Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues the Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c).

ENTERED: January 3, 2013

FOR THE COURT:

                                      s/Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE